IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| ISAAC BOSTON, Inmate #N73508,  )<br>  )<br>       **Plaintiff,**  )<br>  )<br>vs.  )<br>  )<br>JASON C. GARNETT and MS. PULLEY,  )<br>  )<br>       **Defendants.**  ) | CIVIL NO. 04-628-JLF |

**MEMORANDUM AND ORDER**

**FOREMAN, District Judge:**

Plaintiff, a former inmate in the Lawrence Correctional Center, brings this action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983. Plaintiff previously was granted leave to proceed *in forma pauperis*, and he has tendered his initial partial filing fee as ordered.

This case is now before the Court for a preliminary review of the complaint pursuant to 28 U.S.C. § 1915A, which provides:

> (a) **Screening.**--The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> (b) **Grounds for Dismissal.**--On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint--
> > (1) is frivolous, malicious, or fails to state a claim on which relief may be granted; or
> > (2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A. An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Upon careful review of the complaint and any supporting exhibits, the Court finds it appropriate to exercise its authority under § 1915A; this action is frivolous and thus subject to summary dismissal.

On July 10, 2004, Plaintiff was assaulted by a fellow inmate at Lawrence Correctional Center. After the assault, Plaintiff suffered from abdominal swelling and blood in his stool. "Nurse Kim" came to Plaintiff's cell, but did not follow up with an x-ray or other treatment for his injuries.[1]

Plaintiff also states that he has an intestinal condition that causes him to defecate five or six times a day. Plaintiff states that prison medical staff were aware of his condition and that it could potentially cause "trouble with other inmates," but did nothing to keep him from being housed with other inmates. Plaintiff states that this makes defendants "liable" for "what happened."

Plaintiff further states that upon his arrival at Lawrence Correctional Center he requested that he be placed in a single cell. His request was denied and he was assigned to share a cell with another inmate. He refused the housing assignment and was placed in segregation. He was later transferred to Stateville Correctional Center, a maximum security facility. Plaintiff states that his time in segregation has caused him mental problems, namely that he now talks to himself.

---

[1] "Nurse Kim" is not listed as a defendant.

- 2 -

*Deliberate Indifference to Medical Needs*

Plaintiff alleges that medical staff did not adequately treat his injuries after he was assaulted by another inmate. The Supreme Court has recognized that "deliberate indifference to serious medical needs of prisoners" may constitute cruel and unusual punishment under the Eighth Amendment. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976). However, "negligence alone, or simple malpractice, is insufficient to state a claim for relief," *Kelly v. McGinnis*, 899 F.2d 612, 616 (7th Cir. 1990), as is the provision of medical treatment other than that preferred by the inmate. *Estelle*, 429 U.S. at 107. *See also Jones v. Simek,* 193 F.3d 485, 489 (7th Cir. 1999); *Steele v. Choi*, 82 F.3d 175, 178 (7th Cir. 1996), *cert. denied,* 519 U.S. 897 (1996).

> In order to state a claim of cruel and unusual punishment under the Eighth Amendment, a prisoner must allege "'acts and omissions sufficiently harmful to evidence deliberate indifference to serious medical needs,'" *Benson v. Cady*, 761 F.2d 335, 340 (7th Cir. 1985), *quoting Estelle v. Gamble*, 429 U.S. 97, 106, 97 S.Ct. 285, 292, 50 L.Ed.2d 251 (1976). "[T]he infliction of suffering on prisoners can be found to violate the Eighth Amendment only if that infliction is either deliberate, or reckless in the criminal law sense." *Duckworth [v. Franzen]*, 780 F.2d [645,] 652-53 [(7th Cir. 1985), *cert. denied*, 107 S.Ct. 71 (1986)]. Negligence, gross negligence, or even "recklessness" as that term is used in tort cases, is not enough. *Id.* at 653.

*Shockley v. Jones*, 823 F.2d 1068, 1072 (7th Cir. 1987). Allegations of "refusal" to provide medical care, without more, will not establish deliberate indifference, nor will delay, even if serious injury results. *Id.* In the instant case, Plaintiff does not elaborate on the "abdominal swelling" he suffered to say how long it lasted or how much pain he experienced. As to the blood in his stool, Plaintiff states later in the complaint that he regularly

- 3 -

experiences this as a result of his intestinal condition. As such, Plaintiff has not alleged that his injuries from the beating were sufficiently serious to state a constitutional claim.

*Failure to Protect*

Plaintiff states that prison officials knew of his medical condition and knew that it might offend fellow inmates.  Plaintiff states that because of this, defendants should be held liable for "what happened" to him, presumably, the assault by another inmate.  In *Farmer v. Brennan*, 511 U.S. 825 (1994), the Supreme Court held that "prison officials have a duty ... to protect prisoners from violence at the hands of other prisoners." *Id.* at 833 (internal citations omitted); *see also Luttrell v. Nickel,* 129 F.3d 933, 935 (7th Cir. 1997).  However, not every harm caused by another inmate translates into constitutional liability for the corrections officers responsible for the prisoner's safety.  *Farmer,* 511 U.S. at 834.  In order for a plaintiff to succeed on a claim for failure to protect, he must show that he is incarcerated under conditions posing a substantial risk of serious harm, and that the defendants acted with "deliberate indifference" to that danger.  *Id.; Reed v. McBride,* 178 F.3d 849, 852 (7th Cir. 1999).  A plaintiff also must prove that prison officials were aware of a specific, impending, and substantial threat to his safety, often by showing that he complained to prison officials about a *specific* threat to his safety.  *Pope v. Shafer,* 86 F.3d 90, 92 (7th Cir. 1996).  In other words, Defendants had to know that there was a substantial risk that those who attacked Plaintiff would do so, yet failed to take any action.  *Sanville v. McCaughtry,* 266 F.3d 724, 733-34 (7th Cir. 2001).  Plaintiff makes no allegations that defendants were aware of any specific threat to his safety.  Furthermore, Plaintiff makes no allegations that the July 2004

assault was at all related to his medical condition. As such, Plaintiff has not stated a constitutional claim.

*Cell Assignment*

Plaintiff states that he was placed in segregation and later transferred to a maximum security facility because he refused a housing assignment. Prisoners have no constitutionally protected liberty interest in a particular cell assignment, *see Williams v. Faulkner*, 837 F.2d 304, 309 (7th Cir. 1988), in remaining in the general prison population, *see Williams v. Ramos*, 71 F.3d 1246, 1248 (7th Cir. 1995), or in remaining in a particular institution within a state system, *see Faulkner*, 837 F.2d at 309. Accordingly, Plaintiff has not stated a constitutional claim.

*Mental Effects of Segregation*

Plaintiff states that after six months in segregation, he now talks to himself. It is difficult to tell exactly what constitutional right Plaintiff is attempting to assert here, but the Court believes that the factual statement most closely resembles a complaint regarding the conditions of confinement in segregation. In a case involving conditions of confinement in a prison, two elements are required to establish violations of the Eighth Amendment's cruel and unusual punishments clause. First, an objective element requires a showing that the conditions deny the inmate "the minimal civilized measure of life's necessities," creating an excessive risk to the inmate's health or safety. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). The second requirement is a subjective element – establishing a defendant's culpable state of mind. *Id.*

> [N]either negligence nor strict liability is the appropriate inquiry in prison-conditions cases. . . . prisoners who contest the conditions of their confinement under the eighth amendment must establish that their custodians either established the conditions to inflict wanton pain or are deliberately indifferent to whether the conditions have these effects.  The eighth amendment is concerned with "punishment", and . . . showing a culpable mental state is essential in establishing that conditions of confinement are part of the "punishment".

*Steading v. Thompson*, 941 F.2d 498, 499-500 (7th Cir. 1991), *citing Wilson v. Seiter*, 111 S.Ct. 2321 (1991).  Based on these standards, Plaintiff has not made out a claim of cruel and unusual punishment under the Eighth Amendment.

In summary, Plaintiff's complaint does not survive review under § 1915A. Accordingly, this action is **DISMISSED** with prejudice.  Plaintiff is advised that the dismissal of this action will count as one of his three allotted "strikes" under the provisions of 28 U.S.C. § 1915(g).

**IT IS SO ORDERED.**

**DATED:  May 24, 2005.**

              **s/ James L. Foreman**
              **DISTRICT JUDGE**